993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Petitioner-Appellee,
v.
Glenn CHOBOT, Respondent-Appellant.
 No. 92-7032.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 28, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-92-441-HC-BR)
 Jeffrey L. Starkweather, Chapel Hill, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Linda Kaye Teal, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Glenn Chobot appeals the district court's determination that Chobot should be committed to the custody of the Attorney General for care and treatment pursuant to 18 U.S.C. § 4246(a)-(d) (1988). Because the district court's decision was not clearly erroneous, we affirm.
 
 I.
 
 2
 Chobot, a thirty-one year old man with a history of psychiatric illness, pled guilty to possessing marijuana with the intent to distribute. He was sentenced to 236 days of imprisonment and to two years of supervised release under the condition that he participate in a program for mental health treatment.
 
 
 3
 After refusing to take his medication and failing to keep appointments with his psychiatrist, a United States District Judge for the Eastern District of Tennessee found that Chobot had violated the conditions of his supervised release. Subsequently, the judge revoked his supervised release and ordered that he be committed to the Federal Correctional Institute at Butner, North Carolina ("Butner") for a period of five months.
 
 
 4
 During his incarceration at Butner, Chobot suffered from paranoid delusions of persecution and experienced bizarre ideas.[1] He threw balls at people, threw his food tray, and beat his fists against the window of his cell. He also stated that he stepped in urine for protection. Because of Chobot's psychotic behavior, the medical staff at Butner sought to have Chobot involuntarily committed; the warden filed a Certificate of Mental Disease or Defect and Dangerousness.
 
 
 5
 At the commitment hearing, the government's expert witness, Dr. Michelle Denker, testified that, based on Chobot's past pattern of psychotic behavior, she believed that Chobot's release to the community would pose a substantial risk of bodily injury to other persons or serious damage to the property of others. Chobot's witness, Dr. Royal, testified that, although Chobot had committed acts of violence against family members and his roommate and had slashed the tires of a neighbor's car, he did not believe that Chobot's release would create a substantial risk of bodily harm.
 
 
 6
 The district court found by clear and convincing evidence that Chobot suffered from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or property of another person.[2] Chobot appeals.[3]
 
 II.
 
 7
 A person may be committed to the care and custody of the Attorney General if the court determines by clear and convincing evidence that he suffers from a mental disease or defect, and that his release would pose a serious threat of harm to others or to the property of others. See 18 U.S.C. § 4246(d). We review the district court's determination regarding competence for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).
 
 
 8
 Viewing the evidence in the light most favorable to the government, Ente Nazionale Per L'Energia Electtrica v. Baliwag Navigation, Inc., 774 F.2d 648, 654 (4th Cir. 1985), we hold that the district court's finding that Chobot was shown to have a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another was not clearly erroneous. Chobot regularly refused to take his antipsychotic medication. He threatened his family, friends, and neighbors. Furthermore, he demonstrated his propensity for violence by throwing objects at fellow inmates. Accordingly, we affirm the district court's order committing Chobot.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 For example, he believed that a female singer was trying to ruin his life by sending him messages through her songs
 
 
 [2]
 The court also indicated that it would enter a subsequent order providing for Chobot's release if his condition improved
 
 
 [3]
 Chobot does not contest the finding that he is suffering from a mental disease or defect; rather, he argues that, although there is a potential of future violent behavior, there is no evidence that he poses a substantial risk to others